Satterifield v Vstock Transfer, LLC (2023 NY Slip Op 05342)

Satterifield v Vstock Transfer, LLC

2023 NY Slip Op 05342

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 650311/19 Appeal No. 858 Case No. 2022-02839 

[*1]Brent Satterifield, Plaintiff-Respondent,
v
Vstock Transfer, LLC, et al., Defendants, Val Sklarov, Defendant-Appellant.

Singh Law Firm, P.A., New York (Jaitegh Singh of counsel), and Law Offices of Michael T. McCracken, Chicago, IL (Michael T. McCracken of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
Guzov, LLC, New York (Anne W. Salisbury of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered June 3, 2022, which, upon defendants' failure to comply with an order, same court and Justice, entered May 2, 2022, directing that defendants purge their contempt of an order, same court and Justice, entered November 12, 2021, directing defendants to, inter alia, return to plaintiff certain shares of Co-Diagnostics, Inc. (CODX) held at nonparty Dolfin Financial (UK) Ltd., issued a warrant for defendant-appellant Val Sklarov's arrest, unanimously affirmed, without costs.
As an initial matter, Sklarov's contention that the evidence adduced at the April 1, 2022 contempt hearing established that Dolfin's insolvency prevented defendants from returning the shares of CODX to plaintiff is not properly before this Court. Sklarov did not appeal from the May 2, 2022 order finding defendants in contempt of the November 12, 2021 order (see Kitchen v Crotona Park W. Hous. Dev. Fund Corp., 145 AD3d 521 [1st Dept 2016]).
The court providently exercised its discretion in issuing the civil arrest warrant (see Dietrich v Michii, 57 AD3d 1527, 1527 [4th Dept 2008]). In the May 2, 2022 order, the court warned of issuance of a warrant if defendants did not purge the contempt by May 6, 2022, based in part on defendants' failure to comply with multiple prior court orders directing the return of the CODX shares to plaintiff. Defendants failed to purge the contempt, even though the court issued a supplemental order extending the time for them to do so to May 18, 2022. Rather, defendants maintained that Dolfin's insolvency prevented the transfer of the shares out of Dolfin, submitting only inadmissible hearsay and questionable documents in support. Given defendants' disregard for the prior court orders, as well as the two orders affording them opportunities to purge their contempt, the issuance of the arrest warrant was appropriate (see id.). Even if it were the case that Dolfin's insolvency prevented defendants' compliance, defendants had been ordered to transfer the shares out of Dolfin as early as February 2021, before Dolfin became insolvent.
We have considered Sklarov's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023